**NOT FOR PUBLICATION**                                              **[7, 11]**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ARSELL LEWIS, JR. | : | |
| | : | Civil Action No. 04-6063 (FLW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DEVON BROWN, ET AL., | : | |
| | : | |
| Defendants. | : | |
| | : | |

APPEARANCES

For Plaintiff:

ARSELL LEWIS, JR., PRO SE
#121496
ATLANTIC COUNTY JUSTICE FACILITY
5060 ATLANTIC AVE.
MAYS LANDING, NJ 08330


For Defendant Devon Brown and Defendant Kathryn MacFarland:

TAMARA L. RUDOW
OFFICE OF THE NJ ATTORNEY GENERAL
DIVISION OF LAW
RICHARD J. HUGHES JUSTICE COMPLEX
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112

**WOLFSON, United States District Judge**

This matter comes before the Court on the motions to dismiss filed by Defendant Devon

Brown ("Defendant Brown"), Commissioner of the New Jersey Department of Corrections, and

Defendant Kathryn MacFarland ("Defendant MacFarland"), Administrator of South Woods State

Prison ("SWSP")(Collectively, **"**Defendants Brown and MacFarland" or "State Defendants").

Plaintiff Arsell Lewis, Jr., pro se ("Plaintiff" or "Lewis"), an inmate at the Atlantic County

Justice Facility, is suing seven defendants pursuant to 42 U.S.C. § 1983 in connection with an

infection he suffered after undergoing surgery to repair a torn Achilles tendon.  The issues before

the Court are whether Plaintiff alleges personal conduct on the part of Defendants Brown and

MacFarland sufficient to state a § 1983 claim and whether the letters Plaintiff sent to State

Defendants can support a deliberate indifference claim against them.  For the reasons stated

below, State Defendants' motions to dismiss are granted.

I.      BACKGROUND

On June 29, 2002, while playing handball, Plaintiff sustained a tear of his left Achilles

tendon.  Discharge Summary at 1, Ex. B to Pl.'s Compl.  Plaintiff underwent surgery to repair the

torn tendon on September 4, 2002.  Id.  After the surgery, Plaintiff was placed in a short-leg cast

and discharged.  Id.  Dr. Mark Pressman ("Dr. Pressman") indicated in the discharge summary,

dated September 5, 2002, that Plaintiff "need[ed] follow-up in approximately two weeks time at

the orthopedic clinic to check the cast as well as window the cast and check the posterior medial

wound at the site of the Achilles tendon repair."  Id. at 2.

On September 29, 2002, Plaintiff wrote a letter to Defendant MacFarland asking for her

assistance in "getting back out to have cast removed."  Letter from Arsell Lewis, Jr. to Kathryn

MacFarland (Sept. 29, 2002).  He also wrote a letter to Defendant Brown on October 18, 2002.

Letter from Arsell Lewis, Jr. to Devon Brown (Oct. 18, 2002).  In this letter, Plaintiff  indicated

that he had not received a response from his letter to Defendant MacFarland, and that he "went to

medical trip station for appointment to have cast removed but [he] was stopped from going to

appointment by central transportation [because central transportation] didn't have [a]

handicap[ed] van [in which] to deliver [him] in [his] wheelchair."  Id.  He also asked Defendant

Brown for help.  Id.[1]

Plaintiff did not return to the Orthopedic Clinic until October 24, 2002, seven weeks after

the surgery; however, he had not had a cast change until the week prior to the re-evaluation.

Discharge Summary at 1, Ex. 1A to Pl.'s Compl. at 15.  According to Dr. Pressman, Plaintiff was

"lost" postoperatively.  Id.  Plaintiff was diagnosed as having an infected wound of the left

Achilles tendon with skin sloughs.  Id.; Ex. F. to Pl.'s Br.  On October 28, 2002, the infected

tissue was surgically removed and determined gangrenous.  Id.; Discharge Summary at 1, Ex. 1A

to Pl.'s Compl. at 15.  A portion of the Achilles tendon was also removed.  Id.

Plaintiff filed a complaint with this Court on August 19, 2004.  The case was assigned

docket number 04-CV-3962 (FLW).  On October 4, 2004 Plaintiff sent a letter to the clerk stating

that he "would like to take opportunity to dismiss this complaint under the Civil Rights Act 42

U.S.C. § 1983."  On October 18, 2004, in accordance with Plaintiff's letter, I entered an order

dismissing his case.  On October 25, 2004, Plaintiff sent me a letter indicating that there had been

a mistake and that he did not intend to voluntarily dismiss his case.  Plaintiff filed another

complaint on December 13, 2004, docketed as Case No. 04-CV-6063(FLW).  I granted his

application to proceed in forma pauperis on March 24, 2005.  Defendant Brown filed a motion to

dismiss Plaintiff's complaint on May 2, 2005 and  Defendant MacFarland filed a motion to

dismiss the complaint on May 10, 2005.

## II.    DISCUSSION

### A.  Motion to Dismiss Standard

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

---

[1]Plaintiff's letters to Defendants Brown and MacFarland were not attached to his
Complaint, nor were they mentioned in the Complaint.  He first mentions them in his Opposition
Brief, and he attached them thereto.

Procedure, the Court accepts as true all allegations in the Plaintiff's Complaint and all reasonable inferences that can be drawn therefrom after construing them in the light most favorable to the non-movant. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir.1994). A pleading may be dismissed for "failure to state a claim where it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations." Hedenburg v. Bando American, Inc., 1992 WL 443432, at *4 (D.N.J. Mar.3, 1992) (citing Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). Courts are required when conducting the 12(b)(6) inquiry to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party. In re Rockefeller Ctr. Prop., Inc. Sec. Litig., 311 F.3d 198, 215 (3d Cir.2002). Nevertheless, legal conclusions offered in the guise of factual allegations are given no presumption of truthfulness. Chugh v. Western Inventory Services, Inc.,333 F.Supp.2d 285, 289 (D.N.J. 2004)(citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Therefore, in ruling on a Rule 12(b)(6) motion, courts can and should reject "legal conclusions," "unsupported conclusions," "unwarranted references," "unwarranted deductions," "footless conclusions of law," and "sweeping legal conclusions in the form of actual allegations." Morse v. Lower Merion School Dist., 132 F.3d 902, 907, n.8 (3d Cir.1997). Civil rights plaintiffs are not subject to a heightened pleading requirement, but rather must only contain a "short and plain statement" of the claim pursuant to Fed. R. Civ. P. 8(a). Alston v. Parker, 363 F.3d 229, 233-34 (3d Cir. 2004).

On a motion to dismiss, the Court generally does not consider documents extraneous to the pleadings, but the Court may consider a "document integral or explicitly relied upon in the complaint ... without converting the motion to dismiss into one for summary judgment." In re

4

Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  Here, because

Plaintiff refers in his complaint to the medical reports and letters that he provided, this Court may

consider those documents without converting this Rule 12(b)(6) motion into a motion for

summary judgment.  See id.

**B. Personal Involvement and Deliberate Indifference**

Section 1983 imposes "civil liability upon any person who, acting under the color of state

law, deprives another individual of any rights, privileges, or immunities secured by the

Constitution or laws of the United States." Gruenke v. Seip, 225 F.3d 290, 298 (3d Cir. 2000).

For liability to attach to a defendant in his individual capacity, he or she "must have personal

involvement in the alleged wrongs; liability cannot be predicated solely on the operation of

respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt v.

Taylor, 451 U.S. 527, 537 n. 3, 68 L. Ed. 2d 420, 101 S. Ct. 1908, (1981)); see also Sunkett v.

Misci, 183 F. Supp. 2d 691, 710 (D.N.J. 2002).  Such personal involvement "can be shown

through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845

F.2d at 1207-08.

In his complaint, Plaintiff does not make any specific allegations regarding the conduct of

Defendant Brown or Defendant MacFarland.  Instead, Plaintiff alleges in his complaint that "[a]ll

defendants play[ed] a major part ... [in the] delay in removing [the] cast [from his] left leg"

which caused Plaintiff's Achilles tendon to become infected.  Compl.  In their moving papers,

Defendant Brown, the Commissioner of the New Jersey Department of Corrections, and

Defendant MacFarland, the Administrator of South Woods State Prison, argue that the complaint

does not allege personal conduct on their part sufficient to state a § 1983 claim.  While civil

rights plaintiffs are not subject to a heightened pleading requirement, but rather must only

contain a "short and plain statement" of the claim pursuant to Fed. R. Civ. P. 8(a),  Alston, 363

F.3d at 233-34, the Court finds that Plaintiff's allegation that all defendants "play[ed] a major

part" in his injury falls well short of alleging "personal direction" or  "actual knowledge and

acquiescence" on the part of Defendants Brown and MacFarland as required by Rode.

However, in his Opposition to Defendants' motions, Plaintiff argues for the first time

that Defendants Brown and MacFarland had sufficient personal involvement by virtue of the

letters that he wrote to them and their alleged failure to "respond" thereto or "intervene."  Pl.'s

Opp. Br. at 2-5.  Moreover, Plaintiff argues that "[i]nstead of assistance what Plaintiff received

was a blind eye turned."  Id. at 8.  Therefore, the Court is construing Plaintiff's Opposition as

arguing that his 42 U.S.C. § 1983 claim is premised upon Defendants' alleged deliberate

indifference to his serious medical need, in violation of the Eighth Amendment.  Thus, the issue

before the Court is whether the Court should grant Plaintiff leave to amend his complaint so that

he can allege that Defendants failed to respond to his letters, which was deliberately indifferent to

his serious medical need and in violation of the Eighth Amendment.

Leave to amend should not be granted if the amendment would be futile. Alvin v. Suzuki,

227 F.3d 107, 121 (3d Cir. 2000).  "An amendment is futile if the amended complaint would not

survive a motion to dismiss for failure to state a claim upon which relief could be granted."  Id.

According to the Third Circuit, the following conduct by a prison official constitutes

deliberate indifference: "deny[ing] reasonable requests for medical treatment ... expos[ing] the

inmate to undue suffering" or "knowledge of the need for medical care" coupled with an

"intentional refusal to provide that care." Monmouth County Correctional Institutional Inmates v.

Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987)(quotation marks and citations omitted).

In <u>Durmer v. O'Carroll</u>, 991 F.2d 64 (3d Cir.1993), the plaintiff-prisoner sued both

medical and non-medical prison officials for deliberate indifference to a serious medical need in

violation of the Eighth Amendment. With respect to the non-medical prison officials, the Third

Circuit explained that "the only allegation against either of these two defendants was that they

failed to respond to letters [plaintiff] sent to them explaining his predicament" and held that

"neither can be considered deliberately indifferent simply because they failed to respond directly

to the medical complaints of a prisoner who was already being treated by the prison doctor."

<u>Durmer</u>, 991 F.2d at 69.

In <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 (3d Cir. 2004) the Third Circuit imported the

<u>Durmer</u> holding into the motion-to-dismiss stage:

> If a prisoner is under the care of medical experts .... a non-medical prison official
> will generally be justified in believing that the prisoner is in capable hands. This
> follows naturally from the division of labor within a prison. Inmate health and
> safety is promoted by dividing responsibility for various aspects of inmate life
> among guards, administrators, physicians, and so on. Holding a non-medical
> prison official liable in a case where a prisoner was under a physician's care would
> strain this division of labor. Moreover, under such a regime, non-medical officials
> could even have a perverse incentive <u>not</u> to delegate treatment responsibility to
> the very physicians most likely to be able to help prisoners, for fear of vicarious
> liability.
>
> <u>Id.</u> at 236 (emphasis in original).

Accordingly, in <u>Spruill</u>, the Third Circuit concluded that, "absent a reason to believe (or

actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a

prisoner, a non-medical prison official ...will not be chargeable with the Eighth Amendment

scienter requirement of deliberate indifference." <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 (3d Cir.

2004).

Here, it is undisputed that Plaintiff was already being treated by the prison medical staff when he sent his letters to Defendants Brown and MacFarland.  Plaintiff's letter to Defendant MacFarland dated September 29, 2002 provides:

> I'am [sic] writing in the behalf that I'am [sic] having problems with getting back out to have cast removed from my leg.
> Ms. McFarland [sic], Doctor Pressman who operated on the repair of my Achilles tendon with my left leg explain to me while being released on 9-5-02 that in two weeks time the cast will most likely be removed.  Any assistance will be highly appreciated.

Plaintiff's letter to Defendant Brown dated October 18, 2003 provides:

> I had wrote Ms. McFarland [sic] a letter about my medical problem with my cast, and I hadn't heard anything from her on my matter.
> See I went to Medical trip Station for appointment to have cast removed but I was stopped from going to appointment by Central transportation did'nt [sic] have handicap van to deliver me in my wheel chair.  Could you please help.

Plaintiff "bears the burden of proving (and hence pleading) facts supporting the defendants' mental states." Spruill, 372 F.3d at 236 (citing Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 192 n. 2 (3d Cir.2001)).  Plaintiff fails to allege any facts with respect to the mental states of Defendants Brown and MacFarland.  Furthermore, the letters that form the basis of the potential deliberate indifference claim only confirm that Brown and MacFarland were aware that Plaintiff was under the care of the prison doctor and medical staff, placing them within the scope of Spruill.

In his letter to Defendant MacFarland, Plaintiff wrote that his doctor explained that his cast "will most likely be removed" two weeks after his September 5, 2002 release.  Therefore, Plaintiff expected his cast to removed on or about September 19, 2002. Plaintiff's letter to MacFarland is dated September 29, 2002--a mere ten days after the date that Plaintiff indicated

8

his cast would "most likely be removed."  This letter simply cannot support a finding that

Defendant MacFarland possessed actual knowledge or a reason to believe that prison doctors or

their assistants were mistreating or not treating Plaintiff. See Spruill, 372 F.3d at 236.

In his letter to Defendant Brown, Plaintiff wrote that he had an appointment to have his

cast removed, but was unable to make the appointment because Central Transportation did not

have a handicapped van in which to transport Plaintiff, who was wheelchair-bound at the time.

This letter, in which Plaintiff admits that he had an appointment to have the cast removed, also

cannot support a finding that Defendant Brown possessed actual knowledge or a reason to

believe that prison doctors or their assistants were mistreating or not treating Plaintiff. See id. at

236.  Therefore, even assuming, arguendo, that each State Defendant received Plaintiff's letter

and did nothing in response, these letters cannot support a finding that Defendants Brown and

MacFarland possessed the requisite mental state to state an Eighth Amendment claim.  Thus,

State Defendants' motions to dismiss are granted.

**III.    CONCLUSION**

For the reasons stated above, Defendants' motions are granted.  An appropriate Order will

follow.

Date: August 15, 2005

                                          S/ Freda L.Wolfson
                                          Honorable Freda L. Wolfson
                                          United States District Judge