[Doc. No. 99]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ARSELL LEWIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> DEVON BROWN, et al., <br><br> Defendants. | Civil No. 04-6063-NLH-AMD <br><br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

　　　This matter comes before the Court by way of motion [Doc. No. 99] of Jeffrey P. Resnick, Esquire seeking leave of Court to withdraw as counsel for Plaintiff, Arsell Lewis, Jr.. The Court has considered the submissions of counsel, as well as the letter [Doc. No. 101] from Plaintiff filed in response to the motion, and has decided this matter pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 78. For the reasons that follow, the motion to withdraw as counsel is denied without prejudice.

　　The facts of this case as alleged in the complaint are set forth in the Court's Letter Opinion and Order dated September 15, 2005, and the Court shall therefore recount herein only those facts relevant to the present motion. In its September 15, 2005 Letter Opinion and Order, the Court determined that appointment of counsel on behalf of Plaintiff was warranted under the factors set forth in Tabron v. Grace, 6 F.3d 147, 156-57 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994). (See Letter Op. and Order [Doc. No. 31] 3-

10, Sept. 15, 2005.)  By Order dated October 25, 2005, Naomi Levecchia, Esquire was appointed counsel for Plaintiff pursuant to 28 U.S.C. § 1915(e).  (Order [Doc. No. 32], Oct. 25, 2005.)  On July 31, 2006, Mr. Resnick entered an appearance as pro bono counsel on behalf of Plaintiff.  (Entry of Appearance [Doc. No. 41], July 31, 2006.)  Mr. Resnick represented in connection with a prior motion to be relieved as counsel that he entered an appearance at the request of the Court, and thereafter spoke with Ms. Levecchia, who purportedly stated that she "plans to pursue this matter."  (App. for Relief from Appointment Under Rule 5a(ii) [Doc. No. 42] ¶ 4, June 22, 2007.)  Mr. Resnick thus sought to be relieved as counsel.  (Id. at ¶ 6.)  The Magistrate Judge denied Mr. Resnick's request, noting that Ms. Levecchia had subsequently sent a letter to the Court stating that despite her representation to Mr. Resnick that she would represent Plaintiff in this case, she no longer practiced law, had no plans to return to private practice, and therefore could not represent Plaintiff in this action.  (Order [Doc. No. 44] 2, Aug. 14, 2007.)[1]

In the present application to be relieved as pro bono counsel,[2] Mr. Resnick asserts that he "can no longer represent plaintiff for a variety of reasons[,]" including that there has been "irrevocable damage to the attorney-client relationship[.]"

---

1.  Ms. Levecchia's appearance as counsel for Plaintiff was terminated on August 15, 2007.

2.  The case was transferred to the undersigned Magistrate Judge on November 15, 2007.

2

(App. for Relief from Appointment Pursuant to Local Rules Appendix H5(a)(iii) [Doc. No. 99] ¶¶ 16, 18, Nov. 3, 2008.)  Counsel contends that he is unable to set forth the specific reasons why he can no longer represent Plaintiff without violating the attorney-client privilege.  (Id. at ¶ 17.)  It appears that the basis of the request to be relieved as counsel in part arises from a disagreement between Plaintiff and Mr. Resnick regarding the voluntary dismissal of Plaintiff's punitive damages claims against Defendants Gerald S. Packman, M.D. and Cumberland Orthopedics, P.A..  (See id. at ¶¶ 11-15.)  Mr. Resnick requests relief from appointment pursuant to Appendix H5(a)(iii) of the Local Civil Rules.  (Id. at ¶ 19.)

The Court notes that Appendix H of the Local Civil Rules governs appointment of attorneys in pro se civil actions. Paragraph 5 delineates the grounds upon which an attorney appointed as pro bono counsel may apply to be relieved from appointment, including "a personal incompatibility . . . between the attorney and the party, or a substantial disagreement . . . between the attorney and the party concerning litigation strategy[.]"  L. C<small>IV</small>. R., Appendix H(5)(a)(iii).  In this case, Mr. Resnick did not provide to the Court for in camera review an affidavit setting forth the specific reasons for withdrawal.

The Court also notes that on January 20, 2009, the District Court entered an Order to Show Cause because "plaintiff . . . has not alleged that any defendant violated his federal constitutional

3

rights or violated a federal statute causing him injury[.] . . ." (Order 3, Jan. 20, 2009.) The District Court stated that "this Court cannot exercise jurisdiction over purely state law claims where no federal claims have been alleged in the complaint[.]" (Id. at 4.) The District Court thus ordered Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction, and denied without prejudice the pending summary judgment motions "with leave to re-file such motions if it is determined that this Court has subject matter jurisdiction over plaintiff's claims." (Id. at 4-5.) The District Court has not yet issued any further order on the issue of whether there is subject matter jurisdiction over Plaintiff's claims. Consequently, the Court at this time shall deny without prejudice the pending motion to withdraw as counsel, with leave to re-file such motion in the event the District Court decides that there is subject matter jurisdiction over Plaintiff's claims.[3]

CONSEQUENTLY, for the reasons set forth above and for good cause shown:

IT IS on this 27th day of May 2009,

**ORDERED** that the motion [Doc. No. 99] of Jeffrey P. Resnick,

---

3. In the event the District Court determines that there is subject matter jurisdiction and counsel files a renewed motion to withdraw from representing Plaintiff, counsel must submit with such motion an affidavit setting forth the specific reasons for withdrawal. To the extent such affidavit contains attorney-client privileged information, counsel must file a motion to seal the affidavit pursuant to Local Civil Rule 5.3(c) and may submit the affidavit to the Court for in camera review.

4

Esquire to be relieved as counsel for Plaintiff, Arsell Lewis, Jr., shall be, and is hereby, **DENIED WITHOUT PREJUDICE**.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Noel L. Hillman